**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Gary S. Dean

      v.                                        Civil No. 08-cv-123-JL

Commissioner, New Hampshire
Department of Corrections[1]


**<u>REPORT AND RECOMMENDATION</u>**


Pro se petitioner Gary S. Dean has filed a petition for a
writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging
the constitutionality of his state court conviction and
confinement (document no. 1).  The petition is before me for
preliminary review.  <u>See</u> Rule 4 of the Rules Governing Section
2254 Proceedings ("Habeas Rules") (requiring initial review to
determine whether the petition is facially valid and may be
served); United States District Court for the District of New
Hampshire Local Rules 4.3(d)(authorizing the magistrate judge to
preliminarily review pro se pleadings).  For the reasons stated

---

[1]As petitioner is in custody at the Northern New Hampshire
Correctional Facility ("NCF"), I construe the respondent to be
the Warden of the NCF.  <u>See</u> Habeas Rule 2 (where petitioner is in
custody pursuant to a state judgment, the state officer having
custody of the petitioner shall be named as respondent).

below, I recommend that the petition be dismissed as time-barred.

## Standard of Review

In reviewing a pro se petition, this court is obliged to construe the pleading liberally and in favor of the pro se litigant.  See Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (holding that a document filed pro se is "to be liberally construed")(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)(noting that pro se habeas petitions should be construed liberally in the petitioner's favor).  "'[A] pro se [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Estelle, 429 U.S. at 106).  Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996).  I apply this standard in reviewing Dean's petition.

## Background

Convicted in March 1986 by the New Hampshire Superior Court (Strafford County) of aggravated felonious sexual assault, Dean

was sentenced to a term of imprisonment[2].  He is currently serving
his sentence at the NCF.  Dean alleges that he filed various
applications for state post-conviction relief with the New
Hampshire state courts but has failed to provide this Court with
copies of the relevant documents.  The record reflects that he
filed a direct appeal of his conviction with the New Hampshire
Supreme Court ("NHSC") in which he raised the following claims:

    (1)    whether the trial court erred in its application
            of the Rape Shield Statute, RSA 632-A:6
            (prohibiting inquiry into the prior consensual
            sexual activities of victims of aggravated
            felonious sexual assault);

    (2)    whether the trial court erred by improperly
            admitting into evidence the victim's thirty-three-
            page statement given to the police;

    (3)    whether the trial court erred by improperly
            permitting the foreman of the jury and an
            alternate juror to remain on the panel after
            potential biases were exposed;

    (4)    whether the trial erred by imposing an extended
            term of imprisonment when there was insufficient
            evidence to support the statutorily required
            finding of an infliction of serious bodily injury
            requires under RSA 651:6, I(d); and

    (5)    whether the trial court violated Dean's right to
            due process and erred when it prohibited the
            cross-examination of the victim on the details of
            her prior sexual activity and on alleged

---

[2]Dean further alleges that he was convicted of armed
robbery, however, the record is silent as to that conviction.

inconsistent statements she made concerning those
activities.

State v. Dean, 129 N.H. 744, 745-751, 533 A.2d 333, 334-338
(1987).  The NHSC affirmed Dean's conviction on October 9, 1987
and denied his motion for reconsideration in November 1987.  Id.
He did not file a petition for certiorari review with the United
States Supreme Court.

On January 13, 1987, Dean filed a motion for new trial,
presumably with the New Hampshire Superior Court (Stafford
County) in which he allegedly raised the following claims:  (1)
ineffective assistance of counsel; and (2) "illegally constituted
jury."  Dean alleges that he subsequently filed a "motion to
withdraw the motion for new trial" and that the superior court
"refused to let the case proceed."

Without providing any relevant dates or identifying the
claims raised, Dean alleges that he filed a habeas corpus
petition with the New Hampshire Superior Court (Stafford County)
which, according to the docket number, appears to have been filed
in 1988.  He further alleges that he filed an appeal with the
NHSC which was subsequently denied.  In January 1988, he filed a
petition for certiorari review with the United States Supreme
Court in which he claimed that he was convicted by an illegally

constituted jury; his petition was denied.

    In January 1988, Dean filed a federal habeas corpus petition
with this Court in which he allegedly raised the following claim:
"illegally constituted jury."  In April 1988, his petition was
dismissed without prejudice for failure to demonstrate exhaustion
of state remedies.  He did not seek further appellate review.
During that year, Dean also filed a petition with the New
Hampshire Superior Court (Merrimack County) in which he allegedly
raised the following claims: (1) governmental interference with
access to the courts; and (2) violation of due process.  The
petition for access was granted on December 5, 1988, and Dean did
not seek further review.  He filed a second petition with the New
Hampshire Superior Court (Merrimack County) in which he raised
the following claims: (1) governmental interference with access
to the courts; and (2) violation of due process.  The petition
for access was granted on August 22, 1989.  Although the record
is unclear, it appears that in December 1989 Dean filed an appeal
with the NHSC which was subsequently declined in 1990.

    On June 29, 1995, Dean allegedly filed with the New
Hampshire Superior Court (Strafford County) a "motion to bring
forward" which, he maintains, related to his previously filed

motion for new trial, his alleged involuntary notice of
withdrawal and his unidentified habeas corpus petition.  On July
24, 1995, the court dismissed the motion without prejudice for
improper form.  Subsequently, Dean filed a "motion to revive"
which apparently was denied by the court on January 17, 1996.

There is no indication that Dean filed any application for
state post-conviction relief or other collateral review from
February 1996 through June 1997.  On July 22, 1997, he filed a
"motion for leave to file untimely motion for reconsideration"
which was denied by the court on August 27, 1997.  The court also
denied his motion for reconsideration on September 2, 1997.  On
November 14, 1998, Dean filed a "writ of error" with the NHSC
which was denied on March 29, 1999.  There is no indication that
he filed any application for state post-conviction relief or
other collateral review from April 1999 through 2005.

On May 22, 2006, Dean filed a habeas corpus petition with
the New Hampshire Superior Court (Coos County) in which he raised
the following claims:

(1)  ineffective assistance of trial counsel;

(2)  illegally constituted jury;

(3)  denial of the right to appeal by motion for new
trial;

    (4)   denial of the right to habeas corpus relief; and

    (5)   illegal sentence; and

    (6)   illegal parole process.

The superior court dismissed the petition as untimely on November 9, 2006 and denied his motion for reconsideration on December 12, 2006.  On January 5, 2007, Dean filed a notice of appeal with the NHSC.  The NHSC declined his appeal on March 9, 2007 and denied his motion for reconsideration on April 17, 2007.  On July 12, 2007, Dean filed a petition for certiorari review which was denied by the United States Supreme Court on October 1, 2007.

    On July 13, 2006, Dean filed a petition with the New Hampshire Superior Court (Coos County), in which he sought injunctive relief and a writ of mandamus with regard to his claims of interference with access to the courts, retaliation and harassment.  His petition was denied on November 1, 2006.

    Lastly, Dean alleges that he filed a "petition for contempt" with the New Hampshire Superior Court (Merrimack County) in which he raised the following claims:

    (1)   illegally constituted jury;

    (2)   denial of the "right to normal post-conviction remedy of a motion for new trial";

    (3)   denial of the right to habeas corpus relief; and

(4)) governmental interference with access to the
courts and interference with the right to assert a
claim for ineffective assistance of trial counsel.

The petition allegedly is pending.

He now brings the instant petition in which he raises the

following grounds for federal habeas corpus relief:

(1)  denial of equal protection, due process and effective
assistance of trial counsel when counsel failed to (a)
prepare and present a defense, (b) effectively defend Dean
against an illegally constituted jury, (c) confront
witnesses and evidence against him, (d) present all proofs
favorable to him; and (e) protect the trial record; Dean
further alleges that trial counsel assigned a former
assistant prosecutor to serve as co-counsel in representing
him;

(2)  denial of equal protection, due process and a fair
trial when a juror provided false testimony during voir dire
thereby denying Dean the right to exercise a peremptory
challenge;

(3)  denial of equal protection, due process and right to
appeal when the state seized Dean's legal and personal
papers, issued threats against him and "other acts of
retaliation, obstruction, and repression";

(4)  denial of equal protection, due process and habeas
corpus guarantees arising from the state's failure to comply
with certain court orders, the state's obstruction of Dean's
access to the courts and the state's obstruction of court
proceedings;

(5)  denial of equal protection and due process when Dean
was illegally sentenced to an extended term of imprisonment
of 10 to 30 years without a proper indictment from the grand
jury or a return from the petit jury;

(6)  denial of equal protection and due process when
Dean was denied consideration for parole on the basis

8

that he failed to complete a program that was not
available to him;

(7)  denial of equal protection, due process and habeas
corpus guarantees when the court denied Dean's claims
as untimely "without a limiting statute, or a finding
of prejudice, lack of diligence or ill intent"; and

(8)  denial of equal protection, due process and habeas
corpus guarantees when the court ruled that the state
had discretion to dismiss Dean's habeas corpus petition
as untimely "without performing the minimum function of
determining whether the petition presents any claim of
a current deprivation of a protected liberty."

**Discussion**

I.  <u>Statute of Limitations</u>

Dean's petition for habeas corpus is barred from

consideration due to his failure to file within the statutory

limitations period.  The Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996,

requires that prisoners file applications for writs of habeas

corpus within one year from the date on which the challenged

judgment becomes final.  28 U.S.C. § 2244(d)(1)(A).  This

limitation period begins to accrue from the date of the final

disposition of any direct appeal to the state court of last

resort and the conclusion of certiorari review by the United

States Supreme Court, or the running of the ninety-day period in

which to seek such review. 28 U.S.C. § 2244(d)(1)(A).[3]

"Statutory exceptions exist where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim." David v. Hall, 318 F.3d 343 (1st Cir. 2003)(citing Section 2244(d)(1)(B)-(D)).  The limitations period may be tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review in state court, and may be equitably tolled in appropriate circumstances.  28 U.S.C. § 2244(d)(2). See also Neverson v. Farquharson, 366 F.3d 32, 41 (1st Cir. 2004) (holding "the one-year limitations period in § 2244(d)(1) is not jurisdictional and, accordingly, can be subject to equitable tolling in appropriate cases.").

The party seeking to invoke equitable tolling bears the burden of establishing the basis of it.  See Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002).  In the AEDPA context, equitable tolling is the exception rather than the rule and is deemed justified only in extraordinary circumstances.  Id.  "It is

---

[3]Prisoners whose state convictions became final prior to AEDPA are afforded a one-year grace period, running from the date of AEDPA's enactment.  See Duncan v. Walker, 533 U.S. 167, 183 & n.1 (2001); Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999).

reserved for cases in which circumstances beyond the litigant's
control have prevented him from promptly filing." <u>Id.</u>
"Ignorance of the law alone, even for incarcerated pro se
prisoners, does not excuse an untimely filing." <u>Lattimore</u>, 311
F.3d at 55 (citing <u>Delaney v. Matesanz</u>, 264 F.3d 7, 15 (1st Cir.
2001)).

Here, Dean challenges a conviction that became final on
October 9, 1987.  Because his final conviction precedes AEDPA, he
is afforded a one-year grace period running from the date of
enactment of the statute.  Thus, absent tolling, he had until
April 24, 1997 to file a federal habeas corpus petition.  He
filed his first federal petition in January 1988.  Although his
first federal petition was timely filed, it was dismissed without
prejudice in April 1988 for failure to exhaust state remedies.
Dean did not file his second federal petition until April 2,
2008, eleven years after the AEDPA grace period had expired.  His
second federal petition, therefore, is time-barred unless he can
demonstrate that an application for state post-conviction or
other collateral review tolled the limitations period.

While Dean alleges that he filed various state court appeals
prior to April 24, 1997, the period of time during which the
appeals were pending fails to bring his federal habeas corpus

11

petition within the one-year limitations period under AEDPA.
There is no indication that he filed any application for state
post-conviction relief or other collateral review from February
1996 through June 1997.  While Dean allegedly filed additional
applications for state post-conviction relief from July 22, 2007
through the present, they were not filed during the AEDPA
limitations period therefore their pendency is not relevant to
the tolling provisions.  Dean has not identified any other
properly filed applications for state post-conviction relief for
purposes of tolling the AEDPA limitations period.  Nor has he
identified any extraordinary circumstances that would justify the
use of equitable tolling to save his untimely claims.

### Conclusion

     For the reasons stated above, I find that Dean's federal
petition is barred from consideration due to his failure to file
within the statutory limitations period and, therefore, recommend
that it be dismissed.

     The claims identified in this report and recommendation will
be considered for all purposes to be the claims raised in the
petition.  If the petitioner disagrees with the identification of
the claims herein, he must do so by objection filed within ten
(10) days of receipt of this order, or he must properly move to

amend the petition.

Any objection to this report and recommendation must be filed within ten days of receipt of this notice.  Failure to file an objection within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Unauthorized Practice of Law Committee v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4,6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date: June 2, 2008

cc:  Gary S. Dean, pro se

13